**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADVANCED MARKETING SYSTEMS, LLC, | § § | |
| Plaintiff, | § § | Civil No. 6:15-cv-00134-JRG-KNM |
| | § | LEAD CASE |
| v. | § § | |
| CVS PHARMACY, INC., | § § | |
| | § | JURY TRIAL DEMAND |
| Defendant. | § § | |

| | | |
|---|---|---|
| ADVANCED MARKETING SYSTEMS, LLC, | § § | |
| Plaintiff, | § | Civil No. 6:15-cv-00137-JRG-KNM |
| | § § | |
| v. | § § | |
| WALGREEN CO., | § § | |
| | § | JURY TRIAL DEMAND |
| Defendant. | § § | |

| | | |
|---|---|---|
| ADVANCED MARKETING SYSTEMS, LLC, | § § | |
| Plaintiff, | § | Civil No. 6:15-cv-00138-JRG-KNM |
| | § § | |
| v. | § § | |
| BROOKSHIRE GROCERY COMPANY, | § § | |
| | § | JURY TRIAL DEMAND |
| Defendant. | § § | |

**DEFENDANT BROOKSHIRE'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
REGARDING STAY**

Brookshire objects to Magistrate Judge Mitchell's August 19, 2015 Order (Dkt. No. 32) (the "Order") denying Defendants' Unopposed Motion to Stay Discovery and Continue All Deadlines Pending Resolution of Statutory Subject Matter Issues (Dkt. No. 24). *See* Fed. R. Civ. P. 72(b)(2); Local Rule CV-72(b). The Order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Defendants' unopposed motion sought a stay pending resolution of statutory subject matter issues. Defendants believe that the patent claims at issue in this litigation are invalid for failure to claim statutory subject matter. Through their motion to stay, Defendants sought to conserve the resources of both the parties and this Court while the motion regarding statutory subject matter was being decided.

The Order denies the Motion with little explanation beyond the fact that the Rule 12 motion has not yet been filed. Such reasoning exalts form over substance. The parties have already submitted their substantive arguments for the Rule 12 motion in letter briefing. *See* Letter Br. (Dkt. No. 16); Resp. to Letter Br. (Dkt. No. 26); Reply in Support of Letter Br. (Dkt. No. 31). The Court has considered those arguments and allowed the parties to proceed on the Rule 12 motion. Order (Dkt. No. 36). The filing of the Rule 12 motion is imminent given the Court's order allowing it to be filed. As discussed below, the law strongly supports granting a stay in this case.

Brookshire acknowledges that this Court has announced a practice of generally not staying cases while a motion to dismiss is pending, absent compelling circumstances. Compelling circumstances exist here. One cannot imagine a more compelling case for a stay than when there is a Rule 12 motion concerning statutory subject matter. As discussed below, in 2015, *Alice* motions have been granted in whole or in part 2/3 of the time. And the patents at issue fall within the bull's-eye of *Alice*. The Magistrate Judge allowed the Rule 12 motion to be

filed after considering letter briefing seeking permission. Moreover, Plaintiff does not oppose a stay. "Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1368 (11th Cir. 1997).

It is unfair for the meritless claims on invalid patents to proceed such that the parties must incur the staggering costs associated with invalidity contentions, discovery, and claim construction that take place in patent litigation. This is especially true when AMS would suffer no prejudice. AMS is not a competitor, seeks only money damages, and **agreed** not to oppose the stay. In short, there are compelling reasons to stay this case and no good reason not to.

The Fifth Circuit has sanctioned stays pending decision on a dispositive motion. *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976); *Corwin, D.D.S. v. Marney, Orton Investments,* 843 F.2d 194, 200 (5th Cir. 1988). Motions to dismiss are especially appropriate for a stay because such motions are decided on the face of the complaint without any need for discovery and because the motion, if granted, would dispose of the entire case, thus avoiding the undue expense and burden of discovery. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 435–36 (5th Cir. 1990); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987). To determine whether a stay is appropriate the Court should balance any harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for discovery. *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997).

I. **The Rule 12 Motion Has a High Probability of Success.**

The Rule 12 motion to dismiss AMS's claims due to the invalidity of the patents for

failure to claim statutory subject matter has a high probability of success. According to the attached Docket Navigator report, 58.3% of motions to dismiss for lack of subject matter have been granted in 2015 and 8.3% of such motions have been granted in part. Ex. 1. The statistics for 2014 are not that much different despite the fact that the *Alice* opinion was not issued until June of 2014—52.2% dismissed and 13% dismissed in part. Ex. 1. Overall, at least since *Alice* was decided, a motion to dismiss for lack of statutory subject matter results in complete dismissal of the case over 50% of the time and results in partial dismissal 2/3 of the time. Ex. 1. Since the creation of the Court of Appeals for the Federal Circuit, there has never been any kind of Rule 12 motion even approaching these statistics. A review of the letter briefing in this case shows that the patents-in-suit are squarely in the bull's-eye of *Alice* and therefore the Rule 12 motion has a high probability of success. *See* Letter Br. (Dkt. No. 16); Reply in Support of Letter Br. (Dkt. No. 31). The Magistrate Judge's decision allowing the motion to be filed after letter briefing certainly suggests some reasonable probability of success on the motion.

## II. The Litigation Is in Its Early Stages.

A scheduling order has just been issued in this case. "With the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly favors a stay." *Kaavo Inc. v. Cognizant Tech. Solutions Corp.,* No. 14-1192, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015) (staying proceedings pending resolution of Rule 12 motions urging lack of statutory subject matter). Contrary to the Magistrate Judge's conclusion, the timing of the motion to stay is a reason to stay the case as Defendants filed their motion early--right after filing their letter brief seeking permission to file their Rule 12 motion.

## III. The Parties Will Be Prejudiced in the Absence of a Stay.

Discovery in patent cases is expensive as is the process of invalidity contentions and

claim construction. Judge Mayer has referred to the costs of discovery in a patent case as "staggering costs." *OIP Technologies, Inc. v. Amazon.com, Inc.,* 788 F.3d 1359, 1364–65 (Fed. Cir. 2015) (Mayer, J. concurring). Based upon the statistics cited above, granting a stay has a 2/3 chance of eliminating or greatly reducing these staggering costs to the parties. And given the subject matter of the patent-in-suit, the probability of dismissal is higher in this case.

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. Dismissal of a nonmeritorious claim before discovery has begun avoids unnecessary costs to the judicial system and to the litigants. *Id*. at 1368.

**IV.     Other Litigants will be Prejudiced in the Absence of a Stay.**

It is not only litigants in these AMS cases that suffer in the absence of a stay. "Allowing a case to proceed through the pretrial processes with an invalid claim . . . delay[s] resolution of disputes between other litigants, squander[s] scarce judicial resources, and damage[s] the integrity and the public's perception of the federal judicial system." *Chudasama,* 123 F.3d at 1368. Litigants in other cases get to trial slower when this Court is forced to invest resources in the claim construction and discovery processes for cases with a 2/3 chance of being dismissed. That makes no sense. One reason litigants choose the Eastern District for patent litigation is the speed to trial. When the Court attracts tens or even hundreds of nonmeritorious cases that clog the docket, it prevents litigants in other cases with meritorious claims from reaching trial.

**V.      AMS Will Not Be Prejudiced by a Stay**

AMS will not be prejudiced by a stay. Importantly, AMS agreed not to oppose the stay motion. Furthermore, AMS appears to be a nonpracticing entity that is not a competitor of the Defendants. Thus, this case is focused on a monetary remedy, favoring a stay. *See*

4

*VirtualAgility v. Salesforce.com*, slip op. 2014-1232 at 22 (Fed. Cir. July 10, 2014) ("A stay will not diminish the monetary damages to which VA will be entitled if it succeeds in its infringement suite"); *Kaavo*, 2015 WL 1737476, at *3–*4 (staying proceedings pending resolution of Rule 12 motions urging lack of statutory subject matter even where there was some weak evidence of competition between the parties). Moreover, Defendants will file the Rule 12 motion "early in the case, at a time that does not suggest inappropriate gamesmanship." *Kaavo*, 2015 WL 1737476, at *4.

**VI. This Case Presents Compelling Circumstances for a Stay**

In *Novelpoint Security LLC v. Kingston Tech. Co.*, No. 2:13-cv-00084, Order at 1 (E.D. Tex. July 2, 2013), this Court denied a motion to stay, referring to a standard discovery order. The Court noted that its practice was not to grant stays early in the case pending motions to dismiss and defendant had not provided compelling evidence. *Id*.

While the practice of not staying cases has much to commend it for patent litigation generally, it does not make sense in this case—where the parties are facing the staggering costs of discovery of patent litigation with a pending motion that has a 2/3 statistical chance of eliminating or reducing those staggering costs. And, as discussed above, the motion to dismiss in this case takes aim at a patent right in the bull's-eye of *Alice*. The motion to dismiss presents as high of a probability of success as one could imagine a Rule 12 motion having and all of the other factors discussed above point to the granting of stay. If this case does not present compelling circumstances for a stay, then what case would?

**VII. Conclusion**

For the foregoing reasons, Brookshire respectfully objects to the Order and requests the Court to grant the previously filed unopposed motion for stay.

Dated: August 28, 2015					Respectfully submitted,

							By: /s/ *David G. Wille*
							David G. Wille
							  Texas State Bar No.
							  E-mail:  david.wille@bakerbotts.com
							**BAKER BOTTS L.L.P.**
							2001 Ross Avenue
							Dallas, Texas 75201
							Telephone: (214) 953-6500
							Facsimile:  (214) 953-6503

							**ATTORNEY FOR DEFENDANT**
							**BROOKSHIRE GROCERY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 28th day of August, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

					/s/	*David G. Wille*
						David G. Wille