UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCED MARKETING SYSTEMS, LLC, | § § | |
| Plaintiff, | § § | Civil No. 6:15-cv-00134-JRG-KNM |
| v. | § § | **LEAD CASE** |
| CVS PHARMACY, INC., | § § § | |
| Defendant. | § § § | **JURY TRIAL DEMAND** |

| | | |
|---|---|---|
| ADVANCED MARKETING SYSTEMS, LLC, | § § | |
| Plaintiff, | § | Civil No. 6:15-cv-00137-JRG-KNM |
| v. | § § § | |
| WALGREEN CO., | § § | |
| Defendant. | § § | **JURY TRIAL DEMAND** |

| | | |
|---|---|---|
| ADVANCED MARKETING SYSTEMS, LLC, | § § | |
| Plaintiff, | § | Civil No. 6:15-cv-00138-JRG-KNM |
| v. | § § § | |
| BROOKSHIRE GROCERY COMPANY, | § § | |
| Defendant. | § § | **JURY TRIAL DEMAND** |

**RESPONSE AND OPPOSITION TO BROOKSHIRE'S OBJECTION TO
<u>MAGISTRATES JUDGE'S ORDER REGARDING STAY</u>**

Pursuant to Fed. R. Civ. P. Rule 72(b)(2), Advanced Marketing Systems, LLC ("AMS") hereby RESPONDS TO, and OPPOSES, Brookshire Grocery Company's Objection to

Magistrate Judge Mitchell's Order denying Defendants' Motion to Stay Discovery and Continue All Deadlines. (Doc. 32). In support hereof, AMS states as follows:

I.     **AMS OPPOSES THE STAY.**

As counsel for Brookshire well knew when the Objection was filed, AMS opposes the granting of a stay at this juncture. On August 26, 2015, on the eve of filing Brookshire's Objection, Brookshire's attorney, David Wille, called AMS's lead counsel, Kurt Rommel, and inquired as to whether AMS would oppose a renewed motion to stay in these consolidated cases. Mr. Rommel told Mr. Wille that AMS would oppose such a renewed motion for two reasons, (1) because the Court had already ruled twice regarding changes to the schedule when it denied two motions to change the dates[1], and (2) because AMS had already complied with all deadlines and was prepared to continue to do so. That AMS would not consent to a renewed motion to stay was confirmed in an email. (See Exhibit 1 attached.)

Brookshire's Objection is, in effect, a "renewed motion to stay" (however it is named). The glaring failure of Brookshire's counsel to advise the Court of these communications and Brookshire's continued reference to the Motion to Stay as "unopposed" is at best disingenuous, and does not inform the Court of AMS's position on the requested stay.

II.     **THE OBJECTION IS AN ATTEMPT TO OBTAIN A PARDON FOR DEFENDANTS' FAILURES TO COMPLY WITH THE COURT'S SCHEDULE.**

AMS has satisfied fully and completely all of its obligations under the existing schedule. Defendants, including Brookshire, have not. As stated in footnote 1 above, on July 16, 2015 (the date then required by the Court's scheduling Order) and prior to the time that the Court agreed to

---

[1] See, Order regarding Joint and/or Unopposed Motion to Reset Scheduling Conference and Extend Deadlines (Doc. 18) and Order denying Defendants' Motion to Stay Discovery and Continue All Deadlines (Doc. 32). While the first Order did change one deadline, it denied the request with respect to all other dates. By the time the Court entered that Order, AMS had already satisfied its obligations with respect to the deadline that was changed.

extend that date, AMS served its Disclosure of Asserted Claims and Infringement Contentions. As required, that Disclosure was accompanied by an initial disclosure of documents. Likewise, on August 27, AMS served its Initial and Additional Disclosures in accordance with the schedule. As required by ¶3(b) the Discovery Order (Doc. 33), contemporaneously with the service of those Disclosures, AMS produced its documents by providing means by which each Defendant could access electronically all non-privileged documents currently in its possession, custody and control that were within the scope of the disclosure requirement.

By contrast, *none* of the Defendants, including Brookshire, have produced a single document, in defiance of the Court's Discovery Order. Instead, Brookshire has filed its Objection seeking to excuse that failure by obtaining a stay of the schedule after the fact. AMS has done, and will continue to do that which the Court requires. Brookshire, and the other Defendants, should be required to do the same.

## III. DEFENDANTS *STILL* HAVE NOT FILED THEIR MOTION FOR JUDGMENT ON THE PLEADINGS.

One of the bases for the Court's denial of the Motion to Stay was that the dispositive motion had not yet been filed. Although the Court granted the Defendants' letter brief request to file a Motion for Judgment on the Pleadings on August 19, 2015 (Doc. 36), the allowed Motion for Judgment on the Pleadings still has not yet been filed. The Court highlighted this fact in its Order entered on September 3, 2015 giving Defendants five days to file (Doc. 61). Much of Defendants Objection is devoted to arguing the merits of their intended, but as yet unfiled, Motion. Although AMS obviously disagrees with any grounds of Defendants' putative Motion, and is confident it will prevail on the merits, their Objection is not the appropriate vehicle for a "truncated" argument (to quote the Court's description) of a Motion that Defendants may someday file.

## CONCLUSION

For the foregoing reasons, AMS responds to the Objection and opposes the granting of a stay.

Dated: September 4, 2015

Respectfully submitted

Jennifer M. Rynell
Texas Bar No. 24033025
Ari B. Rafilson
Texas Bar No. 24060456
SHORE CHAN DEPUMPO LLP
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
214.593.9110 Telephone
214.593.9111 Facsimile
jrynell@shorechan.com
arafilson@shorechan.com

 /s/ Kurt C. Rommel
Kurt C. Rommel, *pro hac vice*
krommel@milesstockbridge.com
R. Grant Decker, *pro hac vice*
gdecker@milesstockbridge.com
Michael A. Messina, *pro hac vice*
mamessina@milesstockbridge.com
Stephen Cobb, *pro hac vice*
scobb@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 1500
McLean, VA 22102
Phone: 703-903-9000
Fax: 703-610-8686

**ATTORNEYS FOR PLAINTIFF
ADVANCED MARKETING SYSTEMS, LLC**

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 3, 2015.

               */s/ Kurt C. Rommel*
               Kurt C. Rommel