**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADVANCED MARKETING SYSTEMS, LLC** | § § § | |
| | § | **Case No. 6:15-cv-134-JRG-KNM** |
| **v.** | § | **LEAD CASE** |
| | § | **JURY TRIAL DEMANDED** |
| **CVS PHARMACY, INC.** | § | |
| | § | |
| | | |
| **ADVANCED MARKETING SYSTEMS, LLC** | § § | |
| | § | **Case No. 6:15-cv-137-JRG-KNM** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **WALGREEN CO.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Walgreen Co.'s Motion to Stay Pending Covered Business Method Review (Doc. No. 76). Recently, Defendant CVS Pharmacy, Inc. filed a Notice (Doc. No. 151) joining in Walgreen's Motion and agreeing to be estopped to the same extent that Walgreen is following the pending Covered Business Method ("CBM") review proceedings before the U.S. Patent and Trademark Office ("PTO"). Having considered the parties' arguments and for the reasons set forth below, Walgreen's Motion is **GRANTED** and all captioned cases are **STAYED** until the PTO has completed its CBM review.

## BACKGROUND

On February 20, 2015, Plaintiff Advanced Marketing Systems, LLC ("AMS"), filed actions against CVS, Walgreen, and Brookshire Grocery Company alleging infringement of Claim 9 of U.S. Patent No. 8,219,445 (the '445 Patent); Claims 15 and 28 of U.S. Patent No. 8,370,199 (the '199 Patent); and Claim 1 of U.S. Patent No. 8,538,805 (the '805 Patent). The

actions were consolidated into the lead case, No. 6:15-cv-134, on June 25, 2015, for pretrial issues other than venue, and on March 29, 2016, the Court granted AMS's motion to dismiss its suit against Brookshire Grocery Company. The Court held a *Markman* hearing on February 25, 2016, and the pre-trial conference in this case is scheduled for August 9, 2016.

Together with three other non-parties, Walgreen filed four petitions for CBM review on November 10, 2015, challenging the validity of all asserted claims of the patents-in-suit. Shortly thereafter, Walgreen filed the instant motion to stay these actions pursuant to Section 18(b) of the America Invents Act. Between May 13, 2016, and June 1, 2016, the Patent Trial and Appeal Board ("PTAB") granted all four petitions on all asserted claims. *See* Doc. No. 144-1 (CBM2016-00012); Doc. No. 144-2 (CBM2016-00013); Doc. No. 144-3 (CBM2016-00014); Doc. No. 147-1 (CBM2016-00015). Walgreen filed timely notices with the Court that the PTAB had instituted CBM review proceedings, and on June 3, 2016, CVS filed its Notice of Joinder in Walgreen's Motion.

## APPLICABLE LAW

Section 18(a)(1) of the Leahy-Smith America Invents Act ("AIA") provides for the creation of "a transitional post-grant review proceeding for review of the validity of covered business method patents." Section 18(b)(1) of the AIA sets forth the following four factors a district court must consider when deciding whether to grant a stay pending such a CBM review:

(A)  whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B)  whether discovery is complete and whether a trial date has been set;

(C)  whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D)    whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

In *VirtualAgility Inc. v. Salesforce.com, Inc.*, the Federal Circuit addressed the proper application of the § 18(b) factors. 759 F.3d 1307 (Fed. Cir. 2014). The Court jointly considered factors (A) and (D)—simplification of issues and reduced burden of litigation—holding that, although parties may put forward similar arguments for the simplification of issues factor and the burden of litigation factor, both "factor[s] are listed separately in the statute [and] [t]hus, even when both factors point in the same direction—in favor of or against the stay—they continue to be separate, individual factors which must be weighed in the stay determination." *Id.* at 1310, 1313.

The Federal Circuit further noted that "[u]nder the [AIA's] statutory scheme, district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims that are subject to CBM proceedings." *Id.* at 1313. Thus, regardless of the PTAB's particular grounds for granting CBM review, it weighs heavily in favor of granting the stay if the PTAB grants CBM review on every asserted claim of the patents. *Id.* A "simplification argument would be stronger if all of the prior art or relevant invalidity issues were in the CBM review, as this would entirely eliminate the trial court's need to consider validity in the event that some claims survive CBM review." *Id.*

With regard to factor (B)—whether discovery is complete and whether a trial date has been set—the Court noted that "the case for a stay is stronger after post-grant review has been instituted." *Id.* at 1316. Generally, the time of filing the motion is the relevant time to measure the stage of litigation. *Id.* at 1317. However, "the district court may consider evidence that develops after the date of the stay motion—for example, the fact that the PTAB granted the

3

CBM petition . . ." *Id.* Thus, there is "no error in also taking into account the stage of litigation as of the date that CBM review was granted." *Id.* at 1317, n.6.

With regard to factor (C)—undue prejudice or tactical advantage—the Court observed that "competition between parties can weigh in favor of finding undue prejudice." *Id.* at 1318, 1326 (citation omitted). However, "whether the patentee will be unduly prejudiced by a stay in the district court proceedings during the CBM review, like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim." *Id.*

**DISCUSSION**

As noted above, the PTAB has instituted CBM review on all asserted claims of the patents-in-suit. Accordingly, the PTAB's review could potentially "dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility*, 759 F.3d at 1314. Moreover, CVS has also agreed to be bound by the applicable estoppel provisions of a CBM proceeding, thereby preventing it from re-raising certain issues. 35 U.S.C. § 18(a)(1)(D) ("petitioner . . . may not assert . . . that the claim is invalid on any ground . . . raised during that transitional proceeding"); *see* Doc, No. 151 at 2–3. The Court also notes that although fact discovery has been substantially completed and jury selection has been scheduled for September 12, 2016, the parties have yet to take the deposition of at least one fact witness, and expert discovery has not been completed.

Additionally, AMS does not directly compete against Walgreen or CVS, and thus, a stay will not cause any unduly prejudice. While AMS has an interest in the timely enforcement of its patent rights, the compressed time frame allotted by Congress for CBM review greatly lessens any potential prejudice of a stay to AMS. *See Landmark Tech., LLC v. iRobot Corp.*, 6:13-cv-411-JDL, 2014 WL 486836, at *4 (E.D. Tex. Jan. 24, 2014). Furthermore, a stay will not affect

the relief sought by AMS, but will only delay any remedies that it may be entitled to. *See VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [the patent owner] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy."); *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013) ("Many courts have found, however, that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.") (citations omitted).

Finally, the Court is mindful that CBM review is a transitional program where Congress "places a very heavy thumb on the scale in favor of a stay being granted. . . . Since the entire purpose of the transitional program at the PTO is to reduce the burden of litigation, it is nearly impossible to imagine a scenario in which a district court would not issue a stay." 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (Sen. Charles Schumer). Here, the Court finds no exceptional circumstances to overcome the heavy thumb Section 18(b) places in favor of a stay.

## CONCLUSION

Having considered the factors of § 18(b)(1) of the AIA, the balance of the factors favors granting a stay. The Court therefore **GRANTS** Walgreen's Motion to Stay Pending Covered Business Method Review (Doc. No. 76). The Court **ORDERS** that the case is **STAYED**, pending a final written decision on CBM2016-00012, -00013, -00014, and -00015. Pursuant to CVS's Notice of Joinder (Doc. No. 151), the Court also **STAYS** Case No. 6:15-cv-137. The Clerk is directed to **ADMINISTRATIVELY CLOSE** Case Nos. 6:15-cv-134 and -137 pending completion of the PTAB's CBM review. Within seven days of a final written decision in the last-resolved review proceeding, the parties shall file a joint status report, and AMS shall file a

motion proposing a case schedule and requesting that the cases be moved back to the Court's

active docket if claims of the patents-in-suit survive.


So ORDERED and SIGNED this 14th day of June, 2016.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE